OBION COUNTY
CIRCUIT COURT CLERK
FILE A.M.
12:05
DEC 11 2009
HARRY JOHNSON
    pT    D.C.

IN THE CIRCUIT COURT

FOR OBION COUNTY, TENNESSEE

AT UNION CITY

PAUL REYES

    PLAINTIFF

V.                                    C.A. NO.: CC-09-CV-214

SHELTER MUTUAL INSURANCE CO. AND

JUSTIN SHAW

    DEFENDANTS                      Jury Demand

## COMPLAINT

Paul Reyes, through counsel, would show to the Court the following matters in support of his claims against the respective defendants:

1. That plaintiff had entered into a contract for homeowners insurance with defendant Shelter Mutual Insurance Co. (hereinafter Shelter) through defendant Justin Shaw (hereinafter Shaw), as authorized agent for Shelter and such insurance had been in force for more than five years on the December 12, 2008, date of loss.

2. That such policy had just renewed on October 24, 2008, shortly after oral notice had been given to Shaw on October 13, 2008, (by plaintiff's wife, Trina Reyes) regarding a change in occupancy of the residence from a secondary residence to a (short-term) single family rental.

3. That, after the December 12, 2008 loss was reported, Shelter ultimately denied coverage by certified letter dated February 12, 2009, cancelled the policy effective 2/14/09, retained the premium paid for the coverage through that date and refused to pay the mortgagee despite the specific language in "SPECIAL PROVISIONS

1

AND CONDITIONS RELATING TO SECTION I", specifically paragraph 6(d), which states that payment due to a mortgagee shall **not** be invalidated by "the occupation of the **premises** for purposes more hazardous than are permitted by this policy."

### Count I

1. Plaintiff asserts that he had complied in good faith with all provisions of the policy, particularly the original policy's requirement of notice of a change in occupancy under the policy: although the policy in force had been the subject of an Amendatory Endorsement- Tennessee (copy attached as Exhibit A) prior to the actual loss date that deleted the portion of such HO-3 policy under "GENERAL AGREEMENTS APPLICABLE TO ENTIRE POLICY", specifically, "the entire provision headed '10. **YOUR** OBLIGATION TO NOTIFY **US** OF **YOUR** CHANGES.'"

2. Plaintiff asserts that proper notice of the occupancy change was given to the agent on October 13, 2008, prior to the renewal date, and as allowed and in the manner set forth by Shelter's policy **although** the endorsement then did away with such requirement entirely after the renewal date and before the loss date.

3. Plaintiff asserts that the contract of insurance was in full force and effect, that there had been no increase in the risk to Shelter and that Shaw, as agent for Shelter and/or individually, and after actual notice, failed and omitted to take the necessary steps to modify the policy after agreeing to do so, to the extent any change might have been necessary. Plaintiff further alleges that Shaw advised Trina Reyes the premium would not change much, and might even go down "a few dollars" due to full time occupancy by a renter rather than only secondary dwelling occupancy by the insured.

4. Plaintiff alleges that Shelter's refusal to pay the loss under the contract, after proper notice and compliance with the terms of the policy, is in breach of the contract

2

and seeks recovery for all losses covered by such policy, plus pre-judgment interest.

## Count II

All of the material allegations contained in Count I are hereby incorporated herein by reference. Plaintiff alleges that the above actions and refusal to pay the covered losses to either the insured or the mortgagee by Shelter were in bad faith and, in addition to the actual losses, seeks additional damages for such bad faith.

## COUNT III

All of the material allegations contained in Counts I and II are hereby incorporated herein by reference. Plaintiff further alleges that the actions of Shelter and its agent Shaw are violative of the Tennessee Consumer Protection Act, Tenn. Code Ann.§47-18-101 *et seq.* and that he is entitled to additional damages and attorney fees under the Act for such bad faith.

Wherefore, plaintiff demands the following relief:

1. That process issue upon the defendants and that they be required to answer within the time allowed by law.

2. That upon the hearing in this cause he be awarded actual damages in an amount shown by the proof.

3. That upon the hearing in this cause he be awarded additional damages for bad faith.

4. That upon the hearing in this cause he be awarded additional damages pursuant to the Tennessee Consumer Protection Act, as well as an award of reasonable attorney fees based upon the standard set forth in the rules of professional conduct.

5. That he might have such other and further relief to which he may be entitled upon the proof, either at law or in equity.

Plaintiff hereby sues the defendants, jointly and severally, for compensatory damages and for additional statutory damages for bad faith and violation of the Tennessee Consumer Protection Act in an amount not to exceed $1,000,000.00 and demand a jury to try the issues when joined.

_____
Greg Alford, BPR#015966
Attorney for Paul Reyes
173 N. Church Ave.
Dyersburg, TN 38024
(731) 287-7020

I acknowledge myself as surety for the court costs in the above matter in an amount not to exceed $500.00.

_____

4

$Exhibit\ A$

## AMENDATORY ENDORSEMENT – TENNESSEE
### (HO-3 & HO-6)

The term **actual cash value** as used anywhere in this policy, or any endorsements attached to it, is replaced with the term **modified cash value**. The definition remains unchanged.

The definition of **market value** is deleted and replaced with the following definition:
25. **Market value** means the greater of:
    (a) modified cash value, or
    (b) the price which the damaged part of the covered property would have brought, immediately before the loss, if offered for sale by a reasonable person who is willing, but not obliged, to sell it, and bought by a reasonable person who is desirous of purchasing it, but who is not compelled to do so.

Under the section headed **GENERAL AGREEMENTS APPLICABLE TO ENTIRE POLICY**, the entire provision headed "10. YOUR OBLIGATION TO NOTIFY US OF YOUR CHANGES" is deleted.

It is agreed that under **GENERAL AGREEMENTS APPLICABLE TO ENTIRE POLICY, 6. CANCELLATION** is shown to read as follows:

6. CANCELLATION AND MODIFICATION
   Any person who is a named insured may cancel or ask us to modify this policy, effective on any specific future date by telling us what modifications are requested or when the cancellation is to be effective. If a named insured does so, we are not obligated to send any person any notice of such cancellation or modification unless this policy specifically requires it. It is not necessary for all named insureds to request or confirm cancellation or modification by any other named insured. When there are two or more named insureds, each one of them acts for all of them when canceling or requesting modifications to this policy.

   This policy may be cancelled by us at any time during the policy period for failure to pay any premium when due, whether such premium is payable directly to us or our agent, by mailing written notice to you at your address last known to us stating when, not less than 10 days thereafter, such cancellation shall be effective.

   We may cancel this policy for any reason not prohibited by law by mailing notice of cancellation to you at your address last known to us stating when, not less than 30 days thereafter, such cancellation shall be effective.

   Proof of mailing will be sufficient proof of notice. The policy period will end on the date and time stated in the notice.

   Upon cancellation, the named insured may be entitled to a premium refund, but payment or tender of a premium refund is not a condition of cancellation. The refund will be pro rata. Refunds may be paid either when the cancellation is effective or as soon as practicable after the effective date of the cancellation. The named insured may choose to credit the premium refund toward another policy, if we issued that policy.

It is agreed that under **GENERAL AGREEMENTS APPLICABLE TO ENTIRE POLICY, 7. REFUSAL TO RENEW** is shown to read as follows:

7. REFUSAL TO RENEW
   We may refuse to renew this policy for any reason not prohibited by law. This policy will terminate automatically on its expiration date if you have failed to pay the premium for this policy or any installment thereof. If we refuse to renew this policy for a reason other than non-payment of premium, we will mail notice to the named insured's address last known to us at least thirty days before the policy period ends. Notice is not required if you have accepted replacement coverage, you have requested or agreed to nonrenewal, or the policy is expressly designated as nonrenewable.

   Proof of mailing will be sufficient proof of notice. The policy period will end on the date and time stated in the notice.

B-747.8-B                                                                                     (Continued on Next Page)



Policy Issued By
Shelter Mutual Insurance Co.
Columbia, MO 65218-0001
1-800-SHELTER



**Homeowners' Insurance**
**Policy Declarations**
Mortgagee Copy

### Named Insured:
PAUL REYES
815 CHURCH ST
TROY TN 38260-5007

### Agent:
JUSTIN SHAW
303 BILL BURNETT CIR
UNION CITY TN 38261
AGENT #: 41-0D461-01
PHONE: 731-885-0975

Policy Number: 41-71-003610298-0001
Policy Form Number: HO-3 (01-2007)

Effective Date: October 24, 2008, 12:01 AM Central Time
Expiration Date: October 24, 2009, 12:01 AM Central Time

### Primary Location
815 CHURCH ST IN TROY TN

### Description
1 Family Frame Dwelling

### Coverages

| Coverages | Limits | Deductible | Endorsement Number | Premium |
|---|---|---|---|---|
| A. Dwelling | $74,000 | $500 | | $703.00 |
| B. Other Structures | $7,400 | | | |
| C. Personal Property | $40,700 | | | |
| D. Additional Living Expense | $14,800 | | | |
| E. Personal Liab (BI & PD) Each Occurrence | $100,000 | | | |
| F. Medical Payments To Others Per Person | $1,000 | | | |
| Earthquake Damage Assumption | | 15% of Cov Limit A | B-422.28-B | $58.00 |

### Discounts Reflected in Premium(s)
Protective Device Credit

**Received For This Reissue**                $761.00

### Other Endorsements Attached To This Policy

| | Endorsement Number |
|---|---|
| Inflation Protection Endorsement | B-697.1-B |
| Amendatory Endorsement - Tennessee | B-747.8-B |

### MORTGAGEE
LOAN NUMBER: 0045845104
WELLS FARGO BANK NA #708
ISAOA ATIMA
PO BOX 5708
SPRINGFIELD OH 45501-5708

(For Office Use Only)
Transaction: RENEW
H. O. CODE: 761.00
Policy Term: One Year
Mortgagee Pays Premium
Tier 2000

Protection Class: 07
Zone Code: 22
Date Issued: 09-29-2008
'09212007'

Countersigned By _Rick Means_

B-223.13-B

This page intentionally left blank.

DEC 1 6 2009

NOTICE OF LAWSUIT AND REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

## Shelter Mutual Insurance Co.
1817 W Broadway
Columbia, MO 65218-0001

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the Circuit Court for Obion County, Tennessee, and has been assigned civil action number CC-09-CV-214.

This is not a formal summons or notification from the court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date this Notice and Request is sent. I enclosed a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served upon you. The action will then proceed as if you had been served on the date the Waiver is filed, except that you will not be obligated to answer the complaint before 60 days designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Tennessee Rules of Civil Procedure and will then, to the extent authorized by those rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons which is set forth on the reverse side, (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this the 12th day of December, 2009.

Greg Alford, Attorney for Plaintiff

Duty to Avoid Unnecessary Costs of
Service of Summons

Rule 4 of the Tennessee Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States, who, after being notified of an action and asked by a plaintiff located in the United States to wave service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver. It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or service of the summons) and may later object to the jurisdiction of the Court or to the place where the action has been brought

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented party) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

1

## Waiver of Service of Summons

TO:  GREG ALFORD
     ATTORNEY FOR:  PAUL REYES

I acknowledge receipt of your request that I waive service of a summons in the action of Paul Reyes v. Shelter Mutual Insurance Co. and Justin Shaw, which is civil action number CC-09-CV-214 in the Circuit Court for Obion County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 1⁄2, 2009.

_____                          _____
DATE                                         Signature
                                             Printed/Typed
                                             Name: _____
                                             as    _____
                                             of    _____
                                             as Attorney for _____

2

## Waiver of Service of Summons

TO:  GREG ALFORD
     ATTORNEY FOR:  PAUL REYES

    I acknowledge receipt of your request that I waive service of a summons in the action of Paul Reyes v. Shelter Mutual Insurance Co. and Justin Shaw, which is civil action number CC-09-CV-214 in the Circuit Court for Obion County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 1, 2009.

_____
DATE

                      _____
                            Signature
Printed/Typed
Name:  _____
as     _____
of     _____
as Attorney for _____